13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda F. BELL, Plaintiff-Appellant,
v.
AT & T, a New York corporation, Defendant-Appellee.
 No. 92-6301.
 United States Court of Appeals, Tenth Circuit.
 Nov. 23, 1993.
 
 Before MOORE, ANDERSON, and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiff appeals a district court ruling for defendant on plaintiff's Title VII employment discrimination claim under 42 U.S.C.2000(e)-2(a)(1). We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 2
 This is the second time we have seen this case. Plaintiff, who is black, was an employee of defendant, AT & T, from June 1971 until being laid off in February 1987. Plaintiff brought a Title VII claim alleging that her layoff was a result of racial discrimination on the part of AT & T. Most important to this appeal, plaintiff's claim is based partially on the fact that a non-minority employee, Lori Parker, who was ranked lower than plaintiff in a 1985 staff "surplus ranking,"[2] was not included in the later ranking which resulted in plaintiff's layoff. Plaintiff contends that Ms. Parker should have been included in the later surplus ranking; that had Ms. Parker been included plaintiff would have retained her job; and that Ms. Parker was not included so as to discriminate against plaintiff.
 
 
 3
 After a bench trial the district court entered judgment for defendant. In plaintiff's first appeal, this court noted the three-part Title VII analysis delineated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this analysis, plaintiff first has the burden of establishing a prima facie case for employment discrimination. Second, if plaintiff meets her burden, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for its employment decision. Finally, if defendant meets its burden, the burden shifts back to plaintiff to show by a preponderance of the evidence that the legitimate reason proffered by the defendant is "only a pretext for discrimination." Bell v. AT & T, 946 F.2d 1507, 1509-10 (10th Cir.1991).
 
 
 4
 We accepted the district court's findings that plaintiff had met her initial burden of establishing a prima facie case of discrimination and that defendant had met its subsequent burden of proffering a legitimate business reason for its actions--relevant to this appeal, that there were legitimate reasons for transferring Lori Parker and subsequently not including her in the surplus ranking. However, we held that the district court did not give plaintiff sufficient opportunity to meet her burden of showing that defendant's proffered reason was pretextual. We reversed and remanded the case to the district court on this issue alone.
 
 
 5
 After hearing further evidence on remand, the district court found that under the third prong of the McDonnell Douglas analysis plaintiff failed to show that AT & T's proffered business reason was pretextual and again entered judgment for defendant. Plaintiff again appeals.
 
 
 6
 We review the district court's determination only as to whether it is clearly erroneous. Carino v. University of Oklahoma Bd. of Regents, 750 F.2d 815, 820 (10th Cir.1984). As reason for not including Ms. Parker in the surplus ranking which resulted in plaintiff's layoff, AT & T proffered that before the ranking Ms. Parker was picked to staff a new company account which was not subject to AT & T's downsizing. AT & T further proffered that Ms. Parker was transferred to her new position due to her specific experience with the customer involved in the new account and to customer preference. We see no evidence in the record which would lead us to conclude that the district court clearly erred in holding that plaintiff was unsuccessful in showing these claims to be pretextual.
 
 
 7
 Plaintiff repeatedly refers to the fact that the supervisor who transferred Ms. Parker to her new position knew nothing about the impending layoffs to which Ms. Parker's old position would be subject. Plaintiff apparently believes this to support her contention that Ms. Parker should have continued to be included in the surplus rankings. To the contrary, the fact that there was no connection between the layoffs and Ms. Parker's transfer is strong evidence that AT & T had independent business reasons for the transfer.
 
 
 8
 Plaintiff further contends that the district court committed reversible error by applying the wrong legal test in this case. Plaintiff argues that to succeed in a Title VII suit in this circuit, under the third prong of the McDonnell Douglas analysis, a party charging discrimination need show only that defendant's proffered business reason for an employment decision is pretextual. Plaintiff contends, however, that the district court interpreted the law to require a showing not only that a pretext existed but also that the true reason for defendant's actions was a desire to discriminate (the so-called "pretext-plus" test). We decline to address plaintiff's argument. Because plaintiff failed initially even to establish a pretext in this case, whether the district court would have required a further showing or whether such a showing is required under McDonnell Douglas is irrelevant.
 
 
 9
 We affirm the district court's judgment in favor of defendant.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 When a staff surplus is evident, AT & T apparently ranks employees based on several factors, such as seniority and performance, to determine which employees might be laid off. The lower an employee's surplus ranking, the more likely that employee is to be laid off